**Michael Bernard OLIVER, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.**

**No. 06–1237–cv.**

United States Court of Appeals, Second Circuit.

Oct. 12, 2006.

Michael Bernard Oliver, pro se, West Chazy, NY, for Appellant.

Karen T. Callahan, Special Assistant United States Attorney, (Barbara L. Spivak and Stephen P. Conte, Social Security Administration, of counsel; Glenn T. Suddaby, United States Attorney, Northern District of New York, on the brief), United States Attorney's Office for the Northern District of New York, Syracuse, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD C. WESLEY and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Michael Bernard Oliver, *pro se*, appeals from the February 14, 2006 judgment of the United States District Court for the Northern District of New York (McAvoy, J.) granting defendant judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). We assume the parties' familiarity with the facts, procedural background and issues presented for review.

This Court reviews de *novo* a judgment on the pleadings. *King v. Am. Airlines, Inc.*, 284 F.3d 352 (2d Cir.2002). Factual determinations made by the Commissioner of Social Security are set aside only if not supported by substantial evidence. *Bubnis v. Apfel*, 150 F.3d 177, 181 (2d Cir. 1998).

(1) Oliver's February 8, 1999 claim sought Child's Insurance Benefits as a survivor of his mother, who died in 1964. In order to be eligible for these benefits, at the time of application Oliver must have been "unmarried and (i) either had not attained the age of 18 or was a full-time elementary or secondary school student and had not attained the age of 19, or (ii)[ ] under a disability which began before he attained the age of 22." 42 U.S.C. § 402(d)(1)(B). Oliver applied at the age of 44, and does not claim a disability.

(2) Oliver argues that the untimeliness of his application should be excused because he was "misinform[ed] about [his] eligibility" by the Social Security Administration in 1964. Pursuant to 20 C.F.R. § 404.633(a), misinformation can excuse untimeliness in certain circumstances. However, this waiver of the timely filing requirement applies only to misinformation provided after December 1982. *Id.* at § 404.633(g). Oliver has alleged no misinformation occurring after 1964. The Commissioner's determination that the application was untimely was therefore supported by substantial evidence.

(3) Oliver's other claims, regarding "taxation without representation," bills of attainder, *ex post facto* laws, "retroactive laws," and "laws impairing the obligation of contracts," are meritless.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.